SWEET *v.* DETROIT UNITED RAILWAY.

CARRIERS—STREET RAILROADS—INJURIES TO PASSENGERS — PLATFORMS—CROSSINGS.

Where there was a smooth path across a street, which was being paved, to the tracks of defendant street-railway company, except for a rail about which the pavement had not been laid, and plaintiff, with full knowledge of the situation, crossed the track to take a car at that point, and slipped and fell over such rail, the railroad company was not negligent in failing to build a platform or a crossing on a level with the rails to afford the public access to its cars.

Error to Wayne; Hosmer, J. Submitted October 19, 1905. (Docket No. 64.) Decided November 7, 1905.

Case by Hobart P. Sweet against the Detroit United Railway for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Lehmann & Riggs*, for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

HOOKER, J.   Michigan avenue, in Detroit, was being repaved. The south side, including one track of the defendant's trolley line, was completed. The concrete foundation had been laid under its other track and the remainder of the roadway. So far as appears from the testimony, this concrete foundation was perfectly smooth, and was the width of a paving brick, and possibly a little more, below the top of the rails of the defendant's track. There is nothing in the testimony to indicate that there was any débris or litter upon the concrete, except one little stone or pebble, which the plaintiff said that he stepped upon and which rolled under his foot. The defendant is in the habit of stopping its cars at a point midway between Lockwood avenue and Thirty-First street, which streets intersect Michigan avenue on opposite sides, but do not cross; the one stop being made to do service for both of said streets. The place is indicated to the public, as a stopping place for the car, by a small tin sign. The plaintiff had been in the habit of taking the car at this place for a number of months, walking out to the car tracks and over them, so as to be on the proper side of the track, to take the east-bound car. He knew, as well as any one, the condition of the highway, and the necessity of stepping over the rail. On the occasion of his accident he had reached the track and attempted to step over the north rail. He testified that:

" It was a pretty good day, but it had snowed a little in the morning—just about enough to cover the ground. I started to go across the track to get my car to come down town, and, as I stepped up to the rail to step over it, my foot slipped a little, and, of course, the natural consequence, any man would make a start to gather himself and not to fall, and as my foot came up to the side of the rail it caught under the flange and I went over head first, and fell between and upon the rails of the northerly track. The street was unpaved. I don't know for certain how much of the T rail was above the surface. I should think 6 or 8 inches. The southerly track was paved, and the space between the two tracks was paved.

It was all paved, except the one track where I fell. My right foot slipped and my left foot caught under the flange and threw me. I had stepped close to the rail before my right foot slipped, and when I slipped my right foot went a little sideways. It went to the rail.  *  *  *  Catching my toe under the rail is what caused me to fall. My left foot was the one that caught under. I had not stepped over either rail. Had not got either foot over. My right foot slipped against the northerly rail, and in trying to save myself my left foot threw me between the tracks."

And on cross-examination:

"It had snowed a little—just enough to know it had snowed.

" Q. And this snow caused you to slip there ?

"A. Well, it was that—there was a little stone rolled under my foot at the same time that I stepped on, and there was snow, and I believe that little stone—

" Q. You think it was the snow that caused you to slip ?

"A. Well, I wouldn't lay it all to the snow.

" Q. At any rate you slipped as you were about to step over the rail ?

"A. Yes; in fact, I slipped—

" Q. And in fact you were just about picking your way over ?

"A. Yes, sir.

" Q. You were so close that your foot, when you slipped, touched the rail?

"A. Just went right up against the rail."

Also:

"I went down to the street-railway office and made a statement. I forget whether I signed it or not. I don't think I went down town for five weeks. I might be mistaken, but I don't think I did. It might be two weeks after I was injured that I went down to the railroad office, but I don't bear it in mind two weeks. If my signature is to it, why, of course, I was down there in two weeks. At that time I said: ' I slipped on account of snow; but, if the rails had not been there, I would not have been hurt when I fell.' At that time I did not say anything about any other little thing that I stepped on. It was fresher in my mind then; that is all right."

There was an electric light near by, the rail was visible, and he saw it in his attempt to step over it. Under the

testimony given it was a clear case of slipping, or stubbing his toe, or both, and his counsel say in their brief that "he knew the ground pretty well, as he went over it every day, and would have got over it all right, if he had not made a misstep and caught his toe." The learned circuit judge was of the opinion that no negligence upon the part of the defendant was shown, and so instructed the jury. Error is assigned upon this ruling by the plaintiff. The negligence alleged in the declaration is that the defendant did not maintain temporary crossings and platforms or other safe means to enable people to take the cars at this station or abandon the station. The case, then, is resolved into the question whether it is the duty of the street-railway company to build platforms in the city streets while paving is going on or abandon stoppages at the usual places for passengers, and to furnish a crossing at its tracks. We may eliminate the question as to the platform, because the plaintiff was not injured for want of a platform. He was crossing the track when he slipped. The testimony indicates a smooth path, except for the rail, and the plaintiff, with full knowledge of the situation, was willing to cross the track and take the car at this point. We agree with the circuit judge that it was not negligent for the street railway to omit building a platform or a crossing on a level with the rails. The public is not entitled to such unusual care as is urged in this case. It was apparent to every one that the rail would have to be stepped over, and it was reasonable that citizens should be asked to do so under the circumstances. Plaintiff knew the necessity and acquiesced, but had the misfortune to fall down. It was a casualty, the consequences of which he must suffer, and of which there is no justice in asking others to bear the burden.

The judgment is affirmed.

McALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.